# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 18-8458-JPR**                                    Date: **October 5, 2018**

Title:  **Effie Pantazi v. Hilton Worldwide, Inc. et al.**
===============================================================
**DOCKET ENTRY: Order to Show Cause re Venue**
===============================================================
PRESENT:

    **HON. JEAN P. ROSENBLUTH, MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

  None present                                            None present

**PROCEEDINGS: (IN CHAMBERS)**

On October 1, 2018, Plaintiff filed this civil action. She asserts that she is a resident of Las Vegas, Nevada (Compl. ¶¶ I.A & II.B.1.a), Defendant is incorporated and has its principal place of business in McLean, Virginia (id. ¶¶ I.B & II.B.2.b), and the events giving rise to the Complaint all took place on the "Big Island, Hawaii" (id. ¶ III). Jurisdiction is based on diversity of citizenship. (Id. ¶ II.)

The federal venue statute requires that a civil action be brought only in a district in which (1) "any defendant resides" if all defendants are residents of the same state or where (2) "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). If no such district exists, then the lawsuit may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction." Id. The Complaint appears to satisfy none of these requirements.

Accordingly, no later than seven days from the date of this Order, Plaintiff must show cause in writing why this action should not be dismissed for lack of venue. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) ("In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion."). Alternatively, Plaintiff may simply file a notice of dismissal or, if she has any statute-of-limitations concerns, request that the

Court transfer this action to an appropriate venue.

    She is warned that if she does not timely respond in some way to this Order, this lawsuit will likely be dismissed.